UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JOHN J. LOONTJENS

      Plaintiff,

and

SENTRY INSURANCE, A MUTUAL
COMPANY, a Wisconsin corporation

      Involuntary Plaintiff,

  v.

ACE AMERICAN INSURANCE COMPANY,
a foreign corporation

GHP GROUP, INC., a foreign corporation

ABC INSURANCE COMPANY, and

W.W. GRAINGER, INC., a foreign corporation

      Defendants.

Case No. 13-CV-1217

---

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, ANSWER INVOLUNTARY PLAINTIFF'S CROSS-CLAIM, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

---

Defendants Ace American Insurance Co., GHP Group, Inc., and W.W. Grainger, Inc. (referred to collectively herein as "Defendants"), by and through their attorneys, WHYTE HIRSCHBOECK DUDEK S.C., answer Plaintiff's Complaint, paragraph by paragraph, as follows:

WHD/9894284.1

# JURISDICTIONAL ALLEGATIONS

1. Plaintiff John J. Loontjens is an adult resident of the City of Caledonia, County of Racine, State of Wisconsin, residing at 10420 Cuddy Lane.

**ANSWER:** Defendants admit these allegations on information and belief.

2. Involuntary plaintiff Sentry Insurance, a Mutual Company is a corporation organized and existing by virtue of the insurance and corporation laws of the State of Wisconsin with its home office and principal place of business located in the City of Stevens Point, State of Wisconsin, at 1800 North Point Drive; is engaged in the business of writing and issuing worker's compensation insurance policies for consideration; and is licensed to issue such policies in the State of Wisconsin. Its registered agent for service of process is CT Corporation System which is located in the City of Madison, County of Dane, State of Wisconsin, at 8040 Excelsior Drive, Suite 200.

**ANSWER:** Defendants admit these allegations on information and belief.

3. Defendant ACE American Insurance Company is a corporation organized and existing by virtue of the insurance and corporation laws of the State of Pennsylvania with its home office and principal place of business located in the City of Philadelphia, State of Pennsylvania, at 436 Walnut Street; is engaged in the business of writing and issuing general liability insurance policies for consideration; and is licensed to issue such policies in the State of Wisconsin. Its registered agent for service of process is CT Corporation System which is located in the City of Madison, County of Dane, State of Wisconsin, at 8040 Excelsior Drive, Suite 200.

**ANSWER:** Defendants admit these allegations.

4. Defendant GHP Group, Inc. is a foreign corporation with its principal place of business located in the City of Morton Grove, State of Illinois, at 8280 North Austin Avenue, and is engaged in the business of designing, manufacturing and selling torpedo heaters. Its

registered agent for service of process is James F. Dunneback who is located in the Village of Orland Park, County of Cook, State of Illinois, at 14475 John Humphrey Drive, Suite 200.

**ANSWER:** Defendants admit all of these allegations except that GHP Group, Inc. is engaged in the business of designing and manufacturing torpedo heaters, which they deny.

5. Defendant ABC Insurance Company is a corporation, the precise name of which and the address of which are unknown to the plaintiff at this time which corporation is in the business of providing general liability insurance coverage. Said corporation is being named herein by a fictitious name as provided for in Section 807.12 of the Wisconsin Statutes.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore deny same.

6. Defendant W.W. Grainger, Inc. is a foreign corporation with its principal place of business located in the City of Lake Forest, State of Illinois, at 100 Grainger Parkway, and is engaged in the business of designing, manufacturing and selling torpedo heaters. Its registered agent for service of process is CT Corporation System which is located in the City of Madison, County of Dane, State of Wisconsin, at 8040 Excelsior Drive, Suite 200.

**ANSWER:** Defendants admit all of the allegations except that W.W. Grainger, Inc. is engaged in the business of designing or manufacturing torpedo heaters, which they deny.

7. On a date prior to September 20, 2010, for valuable consideration, defendant ACE American Insurance Company issued and delivered to defendant GHP Group, Inc., as named insured, its policy of insurance under and by virtue of the terms of which it agreed to pay on behalf of said named insured or its agents, any and all sums which said named insured or its agents should become legally obligated to pay by reason of liability imposed on it or its agents by loss or damage caused by its acts or omissions or the acts or omissions of its agents. By virtue

of the terms and conditions of said policy and the statutes of the State of Wisconsin, defendant ACE American Insurance Company is directly liable to plaintiff John J. Loontjens for the injuries and damages sustained by him as hereinafter alleged.

**ANSWER:** Defendants admit that ACE American Insurance Company has issued a policy of insurance naming GHP Group, Inc. as an insured. The terms and conditions of that policy speak for themselves, and are incorporated herein by reference. Defendants deny that any of them are liable to plaintiff for the injuries and damages he sustained as alleged in his Complaint.

8. On a date prior to September 20, 2010, for valuable consideration, defendant ABC Insurance Company issued and delivered to defendant W.W. Grainger, Inc., as named insured, its policy of insurance under and by virtue of the terms of which it agreed to pay on behalf of said named insured or its agents, any and all sums which said named insured or its agents should become legally obligated to pay by reason of liability imposed on it or its agents by loss or damage caused by its acts or omissions or the acts or omissions of its agents. By virtue of the terms and conditions of said policy and the statutes of the State of Wisconsin, defendant ABC Insurance Company is directly liable to plaintiff John J. Loontjens for the injuries and damages sustained by him as hereinafter alleged.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore deny same.

9. At all times material, plaintiff John J. Loontjens was an employee of Miller Compressing Company located in the City and County of Milwaukee, State of Wisconsin, at 1640 West Bruce Street, and was functioning within the course of his employment.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore deny same.

10. On a date prior to September 20, 2010, for valuable consideration, involuntary plaintiff Sentry Insurance, A Mutual Company issued and delivered to Miller Compressing Company, as named insured, its policy of insurance under and by virtue of the terms of which it agreed to pay on behalf of said named insured any and all sums which it should become legally obligated to pay by reason of liability imposed on it by virtue of the Worker's Compensation Act of the State of Wisconsin. As a result of the injuries and damages hereinafter alleged, involuntary plaintiff Sentry Insurance, A Mutual Company has been required to pay medical and disability benefits on behalf of plaintiff John J. Loontjens and by virtue of Sections 102.29 and 803.03 of the Wisconsin statutes, involuntary plaintiff Sentry Insurance, A Mutual Company is impleaded herein because it may have a claim arising by subrogation, derivation or assignment.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore deny same.

11. On a date prior to September 20, 2010, defendants GHP Group, Inc. and W.W. Grainger, Inc. designed, manufactured and sold a Dayton Portable Oil-Fired Heater, Model 3VE53 (hereinafter "torpedo heater").

**ANSWER:** Defendants deny that W.W. Grainger, Inc. or GHP Group, Inc. have ever designed or manufactured a torpedo heather.  Defendants admit that GHP Group, Inc. and W.W, Grainger, Inc. sold a Dayton Portable Oil-Fired Heater, Model 3VE53, prior to September 20, 2010.

12. On September 20, 2010, after plaintiff John J. Loontjens inflated one of the tires on the aforesaid torpedo heater, the tire rim exploded and smashed into the left side of his face causing him to sustain those injuries and damages as hereinafter alleged.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore deny same.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
ACE AMERICAN INSURANCE COMPANY AND GHP GROUP, INC.**

13. Realleges by reference paragraphs 1 through 12 of this complaint as though stated in detail herein and incorporates same by reference.

**ANSWER:** Defendants incorporate herein by reference their preceding answers to paragraphs 1 through 12.

14. Defendant GHP Group, Inc. was negligent in the following respects:

    a. In failing to properly design the tire rim on the aforesaid torpedo heater.

    b. In failing to design and construct said torpedo heater so as to render it safe for users thereof.

    c. In failing to properly manufacture said torpedo heater.

    d. In failing to incorporate adequate safety features on said torpedo heater.

    e. In employing safety features which failed in use.

    f. In failing to properly instruct on the usage of said torpedo heater.

    g. In failing to warn of the dangerous condition of said torpedo heater.

    h. In failing to properly research, inspect and test said torpedo heater from a safety standpoint during the course of manufacture thereof.

    i. In disposing of and placing said torpedo heater in the channels of trade when it was dangerous and defective in nature and in a dangerous and defective condition.

**ANSWER:** Defendants deny these allegations.

15. As a direct and proximate result of the aforesaid negligence of defendant GHP Group, Inc., plaintiff John J. Loontjens sustained personal injuries which required extensive medical care and attention and treatment at a hospital with resulting expense thereof, occasioned great pain, suffering and shock to his nervous system, resulted in a loss of earnings and earning capacity, will cause future pain, suffering, disability and loss of earning capacity, will limit his future capacity for the enjoyment of the fruits of life, and will require future medical care and attention all to his damage in an amount to be determined at trial.

**ANSWER:** Defendants deny these allegations.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS ACE AMERICAN INSURANCE COMPANY AND GHP GROUP, INC.

16. Realleges by reference paragraphs 1 through 12 and 14 of this complaint as though stated in detail herein and incorporates same by reference.

**ANSWER:** Defendants incorporate herein by reference their preceding answers to paragraphs 1 through 12 and 14.

17. At the time the aforesaid torpedo heater was designed, manufactured and sold by defendant GHP Group, Inc., it was in a defective condition and in an unreasonably dangerous condition to the user or consumer thereof for the following reasons:

  a. It was not equipped with a properly designed tire rim.

  b. It was not properly designed.

  c. It was not properly manufactured.

  d. It was not designed and constructed so as to be safe for users.

  e. Adequate warnings were not given relative to its dangerous condition.

  f. It did not incorporate adequate safety features.

  g. Any safety features which were employed were designed in such a manner that they failed in use.

h. It was not equipped with proper instructions as to usage.

i. It was not researched, inspected and tested from a safety standpoint during the course of its manufacture.

j. It was placed in the channels of trade when it was dangerous and defective in nature and in a dangerous and defective condition.

**ANSWER:** Defendants deny these allegations.

18. At all times material, defendant GHP Group, Inc. was engaged in the business of designing, manufacturing and selling torpedo heaters and the aforesaid torpedo heater was expected to and did reach plaintiff John J. Loontjens, the user thereof, without substantial change in the condition in which it was when it left the business premises of said defendant.

**ANSWER:** Defendants admit that GHP Group, Inc. has been engaged in the business of selling torpedo heaters, but deny that it was ever engaged in designing or manufacturing them. As for the remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of them, and therefore deny same.

19. As a direct and proximate result of the aforesaid defective and unreasonably dangerous condition of the aforesaid torpedo heater, plaintiff John J. Loontjens sustained those injuries and damages alleged in paragraph 15 of this complaint all to his damage in an amount to be determined at trial.

**ANSWER:** Defendants deny these allegations.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS ACE AMERICAN INSURANCE COMPANY AND GHP GROUP, INC.

20. Realleges by reference paragraphs 1 through 12, 14, 17 and 18 of this complaint as though stated in detail herein and incorporates same by reference.

**ANSWER:** Defendants incorporate herein by reference their preceding answers to paragraphs 1 through 12, 14, 17, and 18.

21. The conduct of defendant GHP Group, Inc. as alleged herein was malicious, wanton, willful and in reckless disregard of the rights of plaintiff John J. Loontjens which entitles plaintiff John J. Loontjens to punitive damages in an amount to be determined at trial.

**ANSWER:** Defendants deny these allegations.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
ABC INSURANCE COMPANY AND W.W. GRAINGER, INC.**

As and for a first claim for relief against defendants ABC Insurance Company and W.W. Grainger, Inc., plaintiff John J. Loontjens alleges and shows to the court as follows:

22. Realleges by reference paragraphs 1 through 12, 14, 17, 18 and 20 of this complaint as though stated in detail herein and incorporates same by reference.

**ANSWER:** Defendants incorporate herein by reference their preceding answers to paragraphs 1 through 12, 14, 17, 18 and 20.

23. Defendant W.W. Grainger, Inc. was negligent in the following respects:

   a. In failing to properly design the tire rim on the aforesaid torpedo heater.

   b. In failing to design and construct said torpedo heater so as to render it safe for users thereof.

   c. In failing to properly manufacture said torpedo heater.

   d. In failing to incorporate adequate safety features on said torpedo heater.

   e. In employing safety features which failed in use.

   f. In failing to properly instruct on the usage of said torpedo heater.

   g. In failing to warn of the dangerous condition of said torpedo heater.

   h. In failing to properly research, inspect and test said torpedo heater from a safety standpoint during the course of manufacture thereof.

   i. In disposing of and placing said torpedo heater in the channels of trade when it was dangerous and defective in nature and in a dangerous and defective condition.

**ANSWER:** Defendants deny these allegations.

24. As a direct and proximate result of the aforesaid negligence of defendant W.W. Grainger, Inc., plaintiff John J. Loontjens sustained those injuries and damages alleged in paragraph 15 of this complaint all to his damage in an amount to be determined at trial.

**ANSWER:** Defendants deny these allegations.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### ABC INSURANCE COMPANY AND W.W. GRAINGER, INC.

25. Realleges by reference paragraphs 1 through 12, 14, 17, 18, 21 and 23 of this complaint as though stated in detail herein and incorporates same by reference.

**ANSWER:** Defendants incorporate herein by reference their preceding answers to paragraphs 1 through 12, 14, 17, 18, 21 and 23.

26. At the time the aforesaid torpedo heater was designed, manufactured and sold by defendant W.W. Grainger, Inc., it was in a defective condition and in an unreasonably dangerous condition to the user or consumer thereof for the following reasons:

    a. It was not equipped with a properly designed tire rim.

    b. It was not properly designed.

    c. It was not properly manufactured.

    d. It was not designed and constructed so as to be safe for users.

    e. Adequate warnings were not given relative to its dangerous condition.

    f. It did not incorporate adequate safety features.

    g. Any safety features which were employed were designed in such a manner that they failed in use.

    h. It was not equipped with proper instructions as to usage.

    i. It was not researched, inspected and tested from a safety standpoint during the course of its manufacture.

j.  It was placed in the channels of trade when it was dangerous and defective in nature and in a dangerous and defective condition.

**ANSWER:** Defendants deny these allegations.

27. At all times material, defendant W.W. Grainger, Inc. was engaged in the business of designing, manufacturing and selling torpedo heaters and the aforesaid torpedo heater was expected to and did reach plaintiff John J. Loontjens, the user thereof, without substantial change in the condition in which it was when it left the business premises of said defendant.

**ANSWER:** Defendants admit that W.W. Grainger, Inc. has been engaged in the business of selling torpedo heaters, but deny that it was ever engaged in designing or manufacturing them. As for the remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of them, and therefore deny same.

28. As a direct and proximate result of the aforesaid defective and unreasonably dangerous condition of the aforesaid torpedo heater, plaintiff John J. Loontjens sustained those injuries and damages alleged in paragraph 15 of this complaint all to his damage in an amount to be determined at trial.

**ANSWER:** Defendants deny these allegations.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
ABC INSURANCE COMPANY AND W.W. GRAINGER, INC.**

29. Realleges by reference paragraphs 1 through 12, 14, 17, 18, 21, 23, 26 and 27 of this complaint as though stated in detail herein and incorporates same by reference.

**ANSWER:** Defendants incorporate herein by reference their preceding answers to paragraphs 1 through 12, 14, 17, 18, 21, 23, 26 and 27.

30. The conduct of defendant W.W. Grainger, Inc. as alleged herein was malicious, wanton, willful and in reckless disregard of the rights of plaintiff John J. Loontjens which entitles plaintiff John J. Loontjens to punitive damages in an amount to be determined at trial.

**ANSWER:** Defendants deny these allegations.

### ANSWER TO THE CROSS-CLAIM OF SENTRY INSURANCE, A MUTUAL COMPANY

Defendants, by and through their attorneys, answer the cross-claim of Sentry Insurance, a Mutual Company, paragraph by paragraph, as follows:

1. Reallege and incorporate herein by reference the allegations of the Plaintiff's Complaint and the above Answer of Involuntary Plaintiff to the Plaintiff's Complaint.

**ANSWER:** Defendants incorporate herein by reference their preceding answers to Plaintiff's Complaint.

2. That at all times referenced herein, Miller Compressing Company had in effect workers' compensation coverage pursuant to a policy of insurance issued by Sentry Insurance, a Mutual Company; and that at and around the time of his injuries, the Plaintiff, John J. Loontjens, was an employee of Miller Compressing Company.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore deny same.

3. That as a result of the negligence of the Defendants, and the injuries thereby caused to John J. Loontjens, Sentry Insurance, a Mutual Company, pursuant to the policy of insurance then in effect, was required to pay medical and disability benefits on behalf of John J. Loontjens, and is therefore subrogated to his interest, and is further entitle to recovery of those payments from the Defendants in this action pursuant to Wis. Stats. §§ 102.29 and 803.03.

**ANSWER:** Defendants deny the allegation that they were negligent. As for the remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of them, and therefore deny same.

## AFFIRMATIVE DEFENSES

Defendants, by and through their attorneys, assert the following affirmative defenses in response to the allegations of the complaint and cross-claim:

1. Plaintiff's injuries were caused by the acts and/or omissions of third-parties over whom Defendants did not exercise any control, had no right of control, and for whom they were not responsible.

2. Plaintiff's injuries were caused by superseding and intervening causes.

3. Count II of Plaintiff's Complaint as to W.W. Grainger, Inc. and ABC Insurance Company fails to state a claim upon which relief may be granted under Wis. Stat. §895.047(2).

4. Plaintiff's claims may be barred, in whole or in part, by the doctrine of contributory negligence as set forth in Wis. Stat. § 895.045.

5. Plaintiff may have failed to mitigate his damages.

6. Plaintiff may have failed to join an indispensable party.

7. Plaintiff's claims may be barred, in whole or in part, because the product identified in his Complaint was subject to substantial change in condition after it left Defendants' possession and control.

8. Plaintiff's claims may be barred, in whole or in part, because the product identified in his Complaint was subject to abuse and misuse.

9. The danger of overinflating the tire associated the product identified in Plaintiff's Complaint was open and obvious.

10. Plaintiff's claims may be barred, in whole or in part, by the sophisticated user doctrine.

11. Both of Plaintiff's Third Claims fail to state an independent claim under Wisconsin law.

### *JURY DEMAND*

Defendants hereby request trial by jury on all counts included herein for all issues triable thereto.

Dated this 30th day of October, 2013.

        Respectfully submitted,

        /s/ John W. Halpin
        Daniel J. La Fave – Wis. Bar No. 1020190
        John W. Halpin – Wis. Bar No. 1064336
        WHYTE HIRSCHBOECK DUDEK S.C.
        555 East Wells Street, Suite 1900
        Milwaukee, WI 53202
        Telephone: (414) 273-2100
        Facsimile: (414) 223-5000
        Email: dlafave@whdlaw.com
              jhalpin@whdlaw.com

        **ATTORNEYS for DEFENDANTS**
        **ACE American Insurance Company, GHP**
        **Group, Inc. and W.W. Grainger Inc.**